IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

THELMA WILLIAMS, JR.
ADC #93197                                                                           PLAINTIFF

v.                                    5:11-cv-194-DPM-JTR

STEPHAINE NORVELL, Gyst House Clerk;
KENDRA D. ARMSTRONG, Parole Officer;
MCMILLER, Parole Officer;
LARRY D. MAY, ADC Chief Deputy Director;
RUBEN L. JOHNSON, Gysty House Office
Worker; KIMBERLY BENSON, Lighthouse
Office Worker; CURTIS MEINZER, Varner
Unit Warden; JIMMY BANKS, Varner Unit
Warden; SMITH, Varner Unit Treatment; and
RAY HOBBS, ADC Director                                                    DEFENDANTS

ORDER

Thelma Williams, Jr., a prisoner in the Varner Super Max Unit of the Arkansas Department of Correction, filed a *pro se* § 1983 Complaint. He has not paid the $350 filing fee, however, or filed an Application to Proceed *In Forma Pauperis*.

Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's in forma pauperis action at any time, *sua sponte* or on motion, if

it determined that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.A. § 1915(g) (West 2006). The Eighth Circuit has upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir.2001).

The Court's records demonstrate that Williams has previously filed at least three cases that were dismissed for failing to state a claim upon which relief may be granted. *Williams v. Gibson*, 5:07-cv-178-WRW (dismissed on 13 August 2007, and dismissal affirmed on appeal on 13 February 2008); *Williams v. Bennett*; 5:07-cv-179-JMM (dismissed on 17 August 2007, and dismissal affirmed on appeal on 13 February 2008); *Williams v. Smallwood*; 5:07-cv-181-JMM (dismissed on 13 September 2007, and dismissal affirmed on appeal on 8 December 2008). Williams has accumulated three strikes, as defined by § 1915(g), before filing this action on 2 August 2011.[1]

---

[1]Additionally, Williams has previously had at least thirteen cases dismissed pursuant to the three-strikes rule. *See Williams v. Edward*, 2:08-cv-

Even though Williams is a three striker, he may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. 28 U.S.C. § 1915(g). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (*per curiam*), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis original.) The Eighth Circuit also has been reluctant to apply the imminent-danger exception unless the alleged ongoing danger exposes the prisoner to a risk of serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent-danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (refusing to apply the imminent-danger exception when

---

188-JLH; *Williams v. Sims*, 2:08-cv-196-WRW; *Williams v. Cathell*; 4:09-cv-39-JMM; *Williams v. Ferricher*, 5:09-cv-5-JMM; *Williams v. Manus*, 5:09-cv-144-SWW; *Williams v. Mears*, 4:10-cv-140-JLH; *Williams v. Johnson*, 4:10-cv-141-SWW; *Williams v. Yount*, 4:10-cv-142-SWW; *Williams v. Crouch*, 4:10-cv-143-JMM; *Williams v. Yount*, 4:10-cv-1759-JLH; *Williams v. Hicks*, 5:10-cv-125-JLH; *Williams v. Smith*, 5:10-cv-228-DPM; *Williams v. Smith*; 5:10-cv-274-SWW.

Even though Williams is a three striker, he may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. 28 U.S.C. § 1915(g). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (*per curiam*), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis original.) The Eighth Circuit also has been reluctant to apply the imminent-danger exception unless the alleged ongoing danger exposes the prisoner to a risk of serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent-danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (refusing to apply the imminent-danger exception when

---

188-JLH; *Williams v. Sims*, 2:08-cv-196-WRW; *Williams v. Cathell*; 4:09-cv-39-JMM; *Williams v. Ferricher*, 5:09-cv-5-JMM; *Williams v. Manus*, 5:09-cv-144-SWW; *Williams v. Mears*, 4:10-cv-140-JLH; *Williams v. Johnson*, 4:10-cv-141-SWW; *Williams v. Yount*, 4:10-cv-142-SWW; *Williams v. Crouch*, 4:10-cv-143-JMM; *Williams v. Yount*, 4:10-cv-1759-JLH; *Williams v. Hicks*, 5:10-cv-125-JLH; *Williams v. Smith*, 5:10-cv-228-DPM; *Williams v. Smith*; 5:10-cv-274-SWW.

a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

The allegations in Williams's complaint do not establish that he is in imminent danger of serious physical injury. He alleges only that Defendants are interfering with or wrongfully denying his request to be released on parole. These allegations do not satisfy the requirements of 28 U.S.C.A. § 1915(g).

Williams's case is therefore dismissed without prejudice. 28 U.S.C.A. § 1915(g) (West 2006). If Williams wishes to proceed with this case, he must, within thirty days of the entry of this Order: (1) pay the statutory filing fee of $350 in full, noting the case style and number; and (2) file a motion to reopen. Williams's motion for copies, *Document No. 3*, is denied as moot. An *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith. 28 U.S.C.A. § 1915(a)(3) (West 2006).

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

15 August 2011